IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-CV-02593-NRN

BRIAN DAVIS

    Plaintiff,

v.

HIGHLAND RESCUE TEAM AMBULANCE DISTRICT

    Defendant.

---

**DEFENDANT HIGHLAND RESCUE TEAM AMBULANCE DISTRICT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND JURY DEMAND**

---

**COMES NOW** Defendant Highland Rescue Team Ambulance District (the "District"), by and through counsel Catherine A. Tallerico, of the law firm of Lyons Gaddis, P.C., and hereby submits the following Motion to Dismiss Plaintiff's Complaint and Jury Demand pursuant to Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6).

## CERTIFICATE OF CONFERRAL

Pursuant to the Court's Civil Uniform Practice Standards the parties have conferred and because the deficiencies called out herein of the Complaint [ECF No. 1] ("Complaint") are not correctable through amendment, further conferral on this matter was not warranted. Plaintiffs' counsel opposes this Motion.

## I. INTRODUCTION

Plaintiff's claims under Title VII of the Civil Rights Act of 1964 and the Colorado Anti-Discrimination Act ("CADA") must be dismissed because Plaintiff was a volunteer

1

and not an "employee" as defined under either statute. Title VII and CADA apply only to individuals who meet the statutory definition of "employee," which requires, among other things, remuneration and an employment relationship. Plaintiff's own allegations confirm that he served as a volunteer Emergency Medical Technician ("EMT") and received no compensation constituting wages or salary.

## II. LEGAL STANDARD

Defendant brings this motion under Fed. R. Civ. P. 12(b)(1) and (6). A party may challenge a court's subject-matter jurisdiction under Rule 12(b)(1), which may be done "through a facial or factual attack." *Laufer v. Looper*, 22 F.4th 871, 875 (10th Cir. 2022). "A facial attack assumes the allegations in the complaint are true and argues they fail to establish jurisdiction. A factual attack goes beyond the allegations in the complaint and adduces evidence to contest jurisdiction." *Id.*

A party may challenge the sufficiency of the pleadings under Rule 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is "plausible" only when the plaintiff pleads facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Sheer possibility" is not plausibility. *Id.*

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations "to state a claim to relief" against each named Defendant "that is plausible on its face." *Twombly*, 550 U.S. at 570. While presuming well-pled factual allegations are true and construing them in a favorable light, *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991), a Court first identifies and dismisses allegations that

are legal conclusions, bare assertions, or merely conclusory. *Iqbal,* 556 U.S. at 678-79. Any remaining factual allegations are then analyzed "to determine if they plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 678.

### III. RELEVANT ALLEGATIONS FROM PLAINTFF'S COMPLAINT[1]

1. Plaintiff was a volunteer emergency medical technician ("EMT") for Defendant, and his most recent title was Lieutenant Line Officer. (Complaint, ¶14, ECF No. I)

2. Defendant, through its Board of Director and/or Fager, always directed Plaintiff's work during his tenure with Defendant. (*Id.* at ¶16)

3. In connection with his role, Plaintiff was entitled to the following benefits: workers' compensation benefits; funeral and death benefits; reimbursement of pre-approved expenses and off-site travel and training costs; tuition credits; personal protective equipment; radios for point-to-point communication; pagers for dispatch; uniform shirts and outerwear; gym membership; and possibly scholarship money. (*Id.* at ¶17)

4. Plaintiff also received contributions under Defendant's Length of Service Awards Program ("LOSAP").

    In March 2019, Plaintiff received $875.00 in LOSAP contributions.

    In March 2020, Plaintiff received $1,500.00 in LOSAP contributions.

    In March 2021, Plaintiff received $1,500.00 in LOSAP contributions.

    In May 2022, Plaintiff received in $1,688.00 in LOSAP contributions.

    In April 2023, Plaintiff received $1,812.50 in LOSAP contributions.

    In April 2024, Plaintiff received $2,187.50 in LOSAP contributions. (*Id.* at ¶¶18-24)

---

[1] Defendant accepts as true the allegations in ECF No.1 for purposes of this motion only.

3

## IV. LEGAL ARGUMENT

### A. Plaintiff Fails to State a Plausible Claim for Violation of Title VII and CADA as he is not an "Employee" as Defined by the Statutes

#### i. Plaintiff Was a Volunteer and Not an Employee Under Title VII

Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits employment discrimination based on race, color, religion, sex, and national origin. Title VII's definition of "employee" ("an individual employed by an employer") left open the question of who Title VII is designed to protect. [2]

The Tenth Circuit adopted and applies a "remuneration-based test" to determine employment status under Title VII. This test, derived from other circuits but adopted in Tenth Circuit reasoning, requires that a plaintiff show compensation in the form of wages or substantial benefits in order to be considered an "employee" covered by Title VII. In the absence of such remuneration, courts do not proceed to analyze control or other employment factors. *See McGuinness v. Univ. of New Mexico Sch. of Med.*, 170 F.3d 974, 979 (10th Cir. 1998); *Juino v. Livingston Parish Fire Dist.* No. 5, 717 F.3d 431, 435 (5th Cir. 2013) (requiring a volunteer to "first show remuneration as a threshold matter before proceeding to the second step, analyzing the putative employment relationship under the common-law agency test"). To reach the initial threshold, a volunteer must "receive direct remuneration or indirect benefits that are substantial or significant and not incidentally related to advancing the purpose of the putative employer." *Sacchi v. IHC Health Services, Inc.*, 918 F.3d 1155, 1158 (10th Cir. 2019).

---

[2] Title VII additionally requires an "employer" to have fifteen or more employees. 42 U.S.C. Section 2000e(b). The District does not have 15 employees.

In *Sacchi*, the Tenth Circuit held that an unpaid hospital intern was not an employee under Title VII because she received no direct compensation and the claimed benefits (e.g., professional certification and pathway to employment) were too attenuated and not provided directly by the employer. *Sacchi*, 918 F.3d at 1159. The court emphasized that benefits must resemble traditional employment benefits such as pensions, insurance, or substantial reimbursements. *Id.* Incidental perks do not suffice. *Id.* Only if this threshold is met will courts proceed to analyze the relationship under the common law agency test. *See Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318 (1992).

Plaintiff's claimed benefits, including LOSAP contributions, uniforms, gym memberships, and training reimbursements, are incidental to the business operations and insufficient under the threshold remuneration test. These do not constitute wages or substantial employment benefits. Most of the benefits, such as training allowance and uniform allowance, gym membership, and reimbursement of costs, are incidental to the work of the District: to effectively fulfill its mission, the District must ensure that its volunteer staff is properly trained, able to perform the volunteer work, and outfitted appropriately. Any other monetary benefits are unsubstantial and unreliable and therefore insufficient. This includes the District's LOSAP, under which qualifying volunteers may receive pension-like contribution based on years of volunteer service. Payments of $1,000 - $2,000 annually, however, are vastly dissimilar to typical employment compensation for similar work. Consequently, Plaintiff fails to allege plausible facts to support he was an employee protected by Title VII.

### B. Plaintiff Fails to Plausibly Allege a Common Law Employment Relationship

Even if sufficient remuneration is found, Plaintiff has failed to plausibly allege facts to support the common-law agency test to demonstrate he was an employee of the District. The hybrid test has been adopted in the Tenth Circuit. *Zinn v. McKune*, 143 F.3d 1353, 1357 (10th Cir. 1998); *McPherson v. HCA-HealthOne, LLC.*, 202 F. Supp. 2d 1156, 1166 (D.Colo. 2002). The Plaintiff must allege facts to demonstrate "the employer's right to control the 'means and manner' of the worker's performance," but also considers factors derived from common law as listed below. *Id.* No one factor is determinative but must be reviewed under the totality of the circumstances. *Zinn,* 143 F.3d at 1357. The factors that must be alleged to demonstrate an employee/employer relationship include:

1. The kind of occupation at issue, with reference to whether the work is usually done under the direction of a supervisor
2. Level of skill required
3. The source of the tools used
4. Length of time the individual has worked
5. The method of payment – whether by time or by job
6. The manner in which the work relationship is terminated
7. Whether annual leave is afforded
8. Whether the work is an integral part of the business of the employer
9. Whether the worker accumulates retirement benefits
10. Whether the employer pays social security taxes

11. The intention of the parties

*Id.*

Plaintiff's complaint asserts that he is an employee in a conclusory manner without providing specific facts that assist the Court in analyzing whether an employer-employee relationship exists. Without alleging details, Plaintiff claims that: "the totality of circumstances surrounding the working relationship demonstrates that Defendant had sufficient means and manner of controlling Plaintiffs' work performance." Complaint ¶ 10.  This conclusory statement is insufficient to state a plausible claim for relief. Plaintiff did not allege facts that prove, if taken as true, that Defendant had sufficient means and manner of controlling Plaintiff's work. Based on the employment factors utilized by the Tenth Circuit, this could include details on how Plaintiff was or was not supervised, how much skill was required for his role, the place of work, and details on annual leave and social security taxes. Additionally, while Plaintiff has not alleged whether the parties' intention was for him to be a volunteer or employee, since he served in a volunteer role and was eligible for the LOSAP program designed for volunteers, the intent of the parties was for Plaintiff to serve as a volunteer.

Instead of alleging specific facts that would assist in the analysis, Plaintiff only stated his volunteer role and title, length of time worked, and a conclusory statement that Defendant "directed Plaintiff's work." Complaint ¶ 4. Such limited facts, particularly on a fact-based analysis such as employment status, is insufficient to state a claim that Plaintiff was an employee under Tenth Circuit analysis. The Court is left without a clear understanding of the working dynamics experienced by Plaintiff as a volunteer for Defendant.

Plaintiff misconstrues this analysis by citing to *Johnston v. Espinoza-Gonzalez,* (D. Colo. 2016) to support his claim that he is an employee "based upon the totality of circumstances." Complaint ¶ 11. Although Plaintiff is correct that the totality of the circumstances must be considered, *Johnston* does not support a finding of Plaintiff as an employee at the present stage and further, is an unpublished case that cannot be relied on as binding authority. 16-cv-00308-CMA-KLM, at 3. Regardless, the court ruled in *Johnston* that the volunteers' benefits "could constitute substantial remuneration sufficient to establish an employer-employee relationship," but did not actually complete the second part of the remuneration analysis and make a determination. *Id.* at 6. As discussed above, even if Plaintiff does satisfy the threshold remuneration test, he is not immediately considered an employee of the district. An analysis of the common-law elements of an employee-employer relationship must be completed under the totality of the circumstances, and Plaintiff does not allege plausible facts that show the extent of the control or direction of the District support a finding of employment.

### C. Plaintiff is not an "employee" under CADA

Similarly, under CADA, the definition of "employee" requires a showing of compensation and control. *See* C.R.S. § 24-34-401(1). Plaintiff's Complaint acknowledges that he served as a volunteer EMT and received benefits such as gym memberships, uniforms, and LOSAP contributions. These benefits do not constitute remuneration sufficient to establish an employment relationship under CADA.

The CADA statute uses the same circular definition of "employee," that Title VII uses, namely, "any individual employed by an employer." C.R.S. § 24-34-101. No published Colorado caselaw could be located that discusses a volunteer seeking the

8

protections of CADA. Colorado CADA cases, however, often look to Title VII for guidance if the statutory language is similar. *See Williams v. Department of Public Safety*, 369 P.3d 760 (2015). Since Title VII's definition of an employee is identical to CADA's, the analysis of whether a Colorado volunteer would be considered an employee under CADA should be the same as the Title VII analysis - ensuring there is a finding of threshold remuneration prior to analyzing common-law employment factors. In this case, as discussed in the Title VII section, Plaintiff has not alleged sufficient information to prove there was remuneration significant enough to pass the threshold remuneration test. Even if significant remuneration is some how found, Plaintiff has not alleged sufficient facts to support a finding of an employee-employer relationship under CADA. Therefore, Plaintiff cannot be considered an employee under CADA.

**V. CONCLUSION**

Because Plaintiff was a volunteer and not an employee of the District within the meaning of Title VII or CADA, he has not and cannot state a plausible claim for relief and this Court lacks subject matter jurisdiction over the claims.  Accordingly, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 12 (b)(1) and 12(b)(6).

Respectfully submitted this 17th day of October 2025.

**LYONS GADDIS, PC**

*s/ Catherine A. Tallerico*
Catherine A. Tallerico
Lyons Gaddis, PC
PO Box 978
515 Kimbark St.
Longmont, CO 80502
Telephone: 303-776-9900
ctallerico@lyonsgaddis.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October 2025 I electronically filed the foregoing DEFENDANT HIGHLAND RESCUE TEAM AMBULANCE DISTRICT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND JURY DEMAND with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Joe Ward
Ross Law, P.C.
8030 S. Holly St. Unit G
Centennial, CO 80122
(303) 231-1020
Joe@rosslawcolorado.com

/s/ Carolyn Smoot
Carolyn Smoot

10