# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 25-CV-02593-NRN

BRIAN DAVIS

    Plaintiff,

v.

HIGHLAND RESCUE TEAM AMBULANCE DISTRICT

    Defendant.

## JOINT MOTION TO STAY DISCOVERY AND FUTHER PROCEEDINGS

**COME NOW** Plaintiff Brian Davis, by and through counsel Joe Ward, of the law firm Ross Law, P.C., and Defendant Highland Rescue Team Ambulance District (the "District" or "Defendant"), by and through counsel Catherine A. Tallerico, of the law firm Lyons Gaddis, P.C., pursuant to Fed. R. Civ. P. 26(c), jointly move for an Order staying discovery and further proceedings pending resolution of Defendant's dispositive motion.

### I.    INTRODUCTION

This case arises from allegations that Plaintiff, while serving as a Volunteer Emergency Medical Technician for Defendant, was subject to racial harassment by Defendant's employees. Plaintiff alleges that his later termination from his role was race discrimination and retaliation under Title VII and the Colorado Anti-Discrimination Act (CADA). Plaintiff also alleges that he was an employee and Respondent was an employer such that the provisions of Title VII and CADA apply to the situation. However,

Respondent disputes that Plaintiff was an employee and alleges he was a volunteer and not an employee and is therefore not covered under Title VII and CADA.

Defendant has moved to dismiss the claims against it under Fed. R. Civ. P. 12(b)(1), and 12(b)(6). *See* ECF Nos. 28, 41, and 43. In so doing, Defendant has argued that Plaintiff failed to allege in his complaint sufficient facts to prove that he could be considered an employee as a matter of law.

## II.    ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299, U.S. 248, 254 (1936). In general, a stay is warranted upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004). A stay is also warranted when a dispositive motion is pending. *See Vivid Techs., Inc. v. A.M. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("[W]hen a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). Jurisdictional questions and other matters that would resolve a case "should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties." *Burkitt v. Pomeroy,* No. 15-CV-02386-MSK-KLM, 2016 WL 696107, at *1 (D. Colo. Feb. 22, 2016); *See Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 104 (10th Cir. 2012) (magistrate judge's decision to stay discovery as premature – given that district court had not yet ruled on a motion to dismiss for lack of personal jurisdiction – was upheld).

In evaluating a request for a stay, courts consider: (1) a plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay, (2) the burden on the defendants, (3) the court's convenience, (4) the interests of non-parties, and (5) the public interest. *See Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 100 F. Supp. 3d 1099, 1104–05 (D. Colo. 2015) (citing *String Cheese Incident, LLC v. Stylus Show, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)). As demonstrated below, the "*String Cheese* factors" favor a stay.

### A. THE RELATIVE INTERESTS OF THE PARTIES FAVOR A STAY (FACTORS 1 & 2)

The Court must first balance Plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to Plaintiff of a delay. Plaintiff agrees to postpone this action while the Court considers the jurisdictional issues, and thus postponing the case would cause no burden on Plaintiff and would be their desired course of action.

Defendants' burden will be significant if the case moves forward. During discovery, Plaintiff would likely seek the production of voluminous records, including policy documents, personnel files, internal correspondence, and more, in an attempt to support his Title VII and CADA claims. These documents will no doubt equate to hundreds of pages, requiring a substantial investment of time and resources by various public employees in locating, compiling, and preparing these materials for production. Plaintiff will also seek to depose the various personnel of Defendant regarding his claims. This will remove these individuals from their normal duties and require the expenditure of substantial time and resources in preparing for and testifying on these issues. Such

expenditure on defending these claims will be burdensome and may be wasteful should the Court grant the Motions to Dismiss. Defendant Highland Rescue Team Ambulance District's non-party representatives are public officials whose "time is better spent performing their job duties, rather than participating in discovery that may end up being unnecessary." *Martinez v. Caggiano*, 2020 WL 8366140, at *2 (D. Colo. June 8, 2020) (internal quotations omitted). As in *Martinez*, the parties' relative interests favor a stay because the Defendants have asserted defenses "predicated purely on questions of law." *Id.* (citing *Al-Turki v. Tomsic*, 2015 WL 8758745, at *2 (D. Colo. Dec. 15, 2015)).

## B. THE INTERESTS OF THE COURT FAVOR A STAY (FACTOR 3)

A court will consider its own convenience when ruling on a motion to stay discovery. *See, e.g., Littlefield v. Weld Cnty. Sch. Dist. RE-5J,* No. 22-CV-02241-PAB-KLM, 2023 WL 10474104, at *3 (D. Colo. June 9, 2023) ("…it is more convenient to this Court for reasons of judicial economy, judicial efficiency, and burdens of pretrial administration if this matter is stayed, rather than this Court being embroiled in unnecessary pretrial and trial proceedings.").

Because the Court can avoid inevitable and significant pleadings being filed, possible discovery disputes, and additional hearings concerning claims that may ultimately prove unnecessary, the Court's interest favors a stay. *Thompson v. Williams*, No. 21-CV-00602-RM-KMT, 2021 WL 4748663, at *7 (D. Colo. Oct. 12, 2021) ("Indeed, it is certainly more convenient for the court to enter a stay until it is clear which of Plaintiff's claims, if any, will move forward."); *Weise v. Colorado Springs, Colorado*, 2018 WL 1640254, at *7 (D. Colo. Apr. 5, 2018) ("A better course of action is simply to plan for and proceed with discovery once there is an understanding of which claims and Defendants

will move forward."); *Est. of Thakuri by & through Thakuri v. City of Westminster*, No. 19-CV-02412-DDD-KLM, 2019 WL 6828306, at *3 (D. Colo. Dec. 12, 2019) ("It is certainly more efficient for the Court to handle, for example, discovery issues after initial dispositive motions have been adjudicated."); *Sgaggio v. Diaz*, 2023 WL 22188, at *6 (D. Colo. Jan. 3, 2023) (same). handle

### C.  THE INTERESTS OF NON-PARTIES FAVORS A STAY (FACTOR 4).

Defendants are not aware of any third parties who would be negatively impacted by the temporary stay. Instead, a stay would work to protect the various non-party government personnel and other witnesses Plaintiff will inevitably seek to depose. *See generally Hay v. Family Tree, Inc.*, 2017 WL 2459777, at *2 (D. Colo. June 6, 2017) (finding this factor to weigh in favor of a stay, where discovery was likely to "involve significant efforts concerning others who are not parties to th[e] lawsuit"); *see also Samuels v. Baldwin*, No. 14-cv-02588- LTB-KLM, 2015 WL 232121, at *3 (D. Colo. Jan. 16, 2015) (granting stay of discovery where no nonparties had significant particularized interests in the case). Thus, the fourth *String Cheese* factor weighs in favor of a stay.

### D. THE PUBLIC INTEREST FAVOR A STAY (FACTOR 5)

Regarding the public's interests, there is no indication that staying discovery will adversely impact those interests. "Indeed, the public interest is served by avoiding what may be unnecessary expenses associated with allowing discovery at the present time." *Adams v. Wiley*, 2009 WL 4730744, at *1 (D. Colo. Dec. 2, 2009) (citing Fed. R. Civ. P. 1). Substantial public resources could be conserved by postponing the need for further complex litigation and discovery—including the preparation and exchange of voluminous

discovery materials, as well as numerous witness depositions—until the Court determines which (if any) of Plaintiff' claims will proceed against Defendant. *See, e.g.*, *Benton v. Town of S. Fork*, No., 2012 WL 4097715, at *6 (D. Colo. Sept. 18, 2012) ("this court finds that resolving the pending Motions to Dismiss, while perhaps not dispositive of the entire case, will clarify and streamline the claims and the proper defendants for more precise and productive discovery."); *Peterson v. O'Neal*, 2023 WL 1993630, at *2 (D. Colo. Feb. 14, 2023) (granting stay due to pending immunity defense, stating: "The public has an interest in an efficient and just resolution of this case. Ensuring effective use of public resources best serves the public's interest.").

### III. CONCLUSION

None of the parties are well served in being involved in the "struggle over the substance of the suit" when a dispositive motion is pending. *See Commonwealth Prop. Advocates, LLC v. Deutsche Bank Trust Co. Americas,* 2011 WL 572386, at *1 (D. Colo. Feb. 14, 2011); *see also Lopez v. Gonzales , 2020 WL 417590, at *2 (D. Colo. Jan. 27, 2020) (citing Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. 2001*) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources.")). Due to the predominately legal nature of the challenges at issue, there is no discovery that is needed pending the Court's consideration of Defendant's Motion to Dismiss. A stay of discovery will be the most efficient way to conserve time and public resources, as well as the efforts and resources of this Court.

**WHEREFORE**, Defendant respectfully requests that the Court stay all further discovery and proceedings until such time it rules on their dispositive motion.

Respectfully submitted,

*/s/ Joe Ward*
Joe Ward
Ross Law, P.C.
8030 S. Holly St. Unit G
Centennial, CO 80122
Telephone: (303) 231-1020
Joe@rosslawcolorado.com
*Attorney for Plaintiff Brian Davis*

*/s/ Catherine A. Tallerico*
Catherine A. Tallerico
Lyons Gaddis, PC
PO Box 978
515 Kimbark St.
Longmont, CO 80502
Telephone: 303-776-9900
ctallerico@lyonsgaddis.com
*Attorney for Defendant Highland Rescue Team Ambulance District*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October 2025 I electronically filed the foregoing DEFENDANT HIGHLAND RESCUE TEAM AMBULANCE DISTRICT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND JURY DEMAND with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Joe Ward
Ross Law, P.C.
8030 S. Holly St. Unit G
Centennial, CO 80122
(303) 231-1020
Joe@rosslawcolorado.com

*/s/ Carolyn Smoot*

Carolyn Smoot
